Argued January 5, reversed January 23, 1917.

# BELMONT *v.* BELMONT.*

(162 Pac. 830.)

**Divorce—Grounds—"Cruelty."**

1. In a wife's action for divorce, where the evidence shows that defendant treated plaintiff in a cruel and inhuman manner, with personal indignities, cursing her, striking her, bruising her arm and neglecting her when she was in ill health, thereby rendering her life burdensome, plaintiff was entitled to a divorce on the ground of cruelty.

[As to cruelty as ground for divorce, see notes in 29 Am. Dec. 674; 73 Am. Dec. 619; 40 Am. Rep. 463; 51 Am. Rep. 736; 65 Am. St. Rep. 69.]

**Divorce—Allowance—Money Invested.**

2. Where a wife was granted a decree of divorce, she was entitled to judgment against the defendant for a sum invested by her in real estate, which shall be a lien on the defendant's interest therein.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2. Statement by MR. JUSTICE BEAN.

This is a suit for divorce by Alice J. Belmont against John A. Belmont, in which the defendant filed a cross-complaint asking the same relief. From a decree denying both prayers, plaintiff appeals. Reversed and decree rendered for plaintiff as prayed for.

REVERSED. DECREE RENDERED.

For appellant there was a brief over the name of *Messrs. Westbrook & Westbrook,* with an oral argument by *Mr. Henry S. Westbrook.*

For respondent there was a brief and an oral argument by *Mr. Plowden Stott.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. We find that the evidence substantially sustains the allegations of plaintiff's complaint and shows that

---

*On profanity and obscenity as grounds for divorce, as cruelty, see note in 12 L. R. A. (N. S.) 820. REPORTER.

defendant treated her in a cruel and inhuman manner, with personal indignities, cursing her, striking her and bruising her arm, and neglecting her when she was in ill health, thereby rendering her life burdensome. Defendant failed to substantiate his affirmative answer. Details of the unfortunate affair would be of no value to anyone.

2. The plaintiff is entitled to judgment against defendant for $830, the sum invested by her in the real estate described in the complaint, which is declared to be a lien upon defendant's interest therein, and an undivided one-third part in fee of the remainder of his share in such real property. Defendant will be required to pay plaintiff $20 on the first day of each and every month toward her maintenance until the further order of the court. Plaintiff is decreed to be the owner in her own right of all the household goods, furnishings and equipment in the cottage at No. 271 Fourteenth Street North, Portland, possessed by her at the commencement of this suit.

The decree of the lower court will be reversed, and one entered in accordance herewith as prayed for by plaintiff.          REVERSED.   DECREE RENDERED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HARRIS and MR. JUSTICE BENSON concur.